# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NORTH DAKOTA

| Elvis Basic, | ) | |
|---|---|---|
| | ) | **ORDER GRANTING MOTION TO** |
| Plaintiff, | ) | **STAY** |
| | ) | |
| vs. | ) | |
| | ) | Case No. 1:20-cv-003 |
| Trish Siedel (North Dakota Probation) | ) | |
| Alexander Droske (BCI) | ) | |
| Karsten Anderson, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff Elvis Basic ("Basic") is an inmate at the Greenville Federal Correctional Institution in Greenville, Illinois. He initiated this action in December 2019 with the submission of a motion to proceed *in forma pauperis*, which the court granted, a complaint, and a motion to stay. (Doc. Nos. 2, 3, 6, and 8). He subsequently filed notice of his consent to the Magistrate Judge's exercise of jurisdiction. (Doc. No. 9).

This matter is now before the Magistrate Judge for initial review as mandated by 28 U.S.C. § 1915A. For the reasons set forth below, Basic's motion to stay is granted.

## I. BACKGROUND

### A. Underlying Criminal Proceedings in the District of North Dakota

On May 23, 2016, Basic entered a guilty plea in United States v. Basic, Case No. 1:16-cr-026 (D.N.D.), to the offense of possession of a firearm by a prohibited person. On August 23, 2016, the court sentenced him to time served and 2 years of supervised release.

Basic subsequently violated the conditions of his supervised release and on May 15, 2019, was sentenced by the court to 21 months imprisonment.

1

Meawnile, on February 15, 2019, Basic was convicted in a separate case by a jury of three counts of conspiracy to distribute and possess with intent to distribute controlled substances in United States v. Basic, Case No. 1:18-cr-125 (D.N.D.)  On May 15, 2019, the court sentenced him to a 120 months imprisonment and 3 years of supervised, to run concurrent with his sentence in Case No. 1:16-cr-026.  On May 28, 2019, he filed notice of his appeal of the judgment of conviction in Case No. 1:18-cr-125 to the Eighth Circuit.   His appeal is still pending as of the date of this order.

**B.     Civil Proceedings**

Basic initiated the above-captioned action *pro se* and *in forma pauperis* by complaint on January 2020.  His complaint alleges:

> My Constitutional rights were violated when Trish Siedel placed a phone call to me in order to trigger an Anticipatory warrant.  As a result the warrant was invalid and breached my 4th constitutional right when they unlawfully searched and seized my property.
>
> 8th Constitutional right was violated when I was imprisoned during the events awaiting trial.
>
> requesting $1,000,000.00 in damages.

(Doc. No. 8).

**II.    STANDARD OF REVIEW**

Congress enacted the Prison Litigation Reform Act of 1995 ("PLRA") to address the burden imposed by prisoner suits that are too often frivolous and without merit.  Jones v. Bock, 549 U.S. 199, 203-04 (2007); Woodford v. Ngo, 548 U.S. 81, 84 (2006).  One of the reforms enacted as part of the PLRA for cases in which prisoners are seeking to sue a governmental entity, officer, or employee requires courts to conduct an early screening to weed out claims that clearly lack merit. 28 U.S.C. § 1915A.  In conducting the screening, the court is required to identify any cognizable

claims and to dismiss the complaint, or any part of it, that is frivolous, malicious, fails to state a claim, or seeks monetary relief from an immune defendant. Id.

In screening a *pro* se prisoner complaint, the court is obligated to construe it liberally and hold it to a less stringent standard than what normally would be required of attorneys. Id.; see also Federal Express Corp. v. Holowecki, 552 U.S. 389, 402 (2008); Solomon v. Petray, 795 F.3d 777, 787 (8th Cir. 2015) ("When we say that a pro se complaint should be given liberal construction, we mean that if the essence of an allegation is discernible . . . then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework.") (internal quotation marks omitted). This does not mean that the court must accept everything or anything that is filed by a prisoner proceeding *pro se*, however. In enacting the screening requirement, Congress obviously expected it to be more than a ritualistic exercise and that courts would only allow to go forward those claims that are cognizable, that seek relief from a non-immune party, and that are not obviously frivolous or malicious.

To meet the minimal pleading requirements of Rule 8(a)(2) for stating a cognizable claim, something more is required than simply expressing a desire for relief and declaring an entitlement to it. See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 n.3 (2007) ("Twombly"). The complaint must state enough to "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Twombly, 550 U.S. at 555). Also, it must state enough to satisfy the "plausibility standard" for stating a cognizable claim as established in Twombly and further amplified by the Supreme Court in Ashcroft v. Iqbal, 556 U.S. 662, 678-84 (2009) ("Iqbal"). And, even though a *pro se* prisoner complaint is entitled to a liberal construction, these minimal pleading requirements must still be satisfied. See e.g., Story

3

v. Foote, 782 F.3d 968, 969 ("To state a claim, . . . [the *pro se* prisoner's] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.") (internal quotation marks omitted and citing Twombly and Iqbal). Complaints that offer nothing more than labels and conclusions or a formulaic recitation of the elements are not sufficient. Twombly, 550 U.S. at 555; Iqbal, 556 U.S. at 680-81. Frivolous claims are those that are clearly baseless, fanciful, fantastic, or delusional. See Denton v. Hernandez, 504 U.S. 25, 32-34 (1992).

To state a claim under 42 U.S.C. § 1983, a plaintiff must normally allege a violation of a right secured by the Constitution or the laws of the United States and that the alleged deprivation was committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988); Walker v. Reed, 104 F.3d 156, 157 (8th Cir. 1997). Even under liberal pleading standards, a *pro se* litigant, at the very least, must invoke rights under the Constitution or federal law in order to plead a § 1983 claim. Walker v. Reed, 104 F.3d at 157-58. Also, the pleading must allege a sufficient causal link between the alleged violation and the basis upon which the particular defendant is to be held responsible, keeping in mind that persons sued in their individual capacities must be personally involved or directly responsible since § 1983 does not impose *respondeat superior* liability. Iqbal, 556 U.S. at 676-77; Gordon v. Hansen, 168 F.3d 1109, 1113 (8th Cir. 1999).

Finally, the court is not required to ignore facts that are pled by a prisoner when they undermine the prisoner's claim. The court may accept as true all facts pled in the complaint and conclude from them that there is no claim as a matter of law. See e.g., Thompson v. Ill. Dep't of Prof'l Regulation, 300 F.3d 750, 753-54 (7th Cir. 2002).

### III. DISCUSSION

United States Supreme Court held in Heck v. Humphrey, 512 U.S. 477 (1994) ("Heck")

that, before an inmate can recover damages under § 1983 for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, he or she "must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." Id. at 486–87. It added:

> A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed proceed, in the absence of some other bar to the suit.

Id. at 487. It is well settled that these principles apply with equal force to Bivens actions. See e.g., Baranski v. Fifteen Unknown Agents of Bureau of Alcohol, Tobacco and Firearms, 452 F.3d 433, 460 (6th Cir. 2006) ("Heck's litigation bar applies with equal force to Bivens actions."), cert. denied, 549 U.S. 1321 (2007); Washington v. Sorrows, 107 F.3d 876 (8th Cir. 1997) (unpublished per curiam) (same); Williams v. Hill, 74 F.3d 1339, 1340 (D.C. Cir. 1996) (same).

Basic's claims appear to arise out of his underlying criminal proceedings. As his conviction has not been invalidated and success in the instant action would call his conviction into question, this action would appear at first blush to be Heck-barred. See Holmes v. Dreyer, 431 Fed. App'x 69, 2011 WL 2464687 at **1-2 (3d cir. 2011) (concluding that Bivens claims against defense counsel and federal prosecutors were Heck-barred); Williams v. Hill, 74 F.3d at 1340-41 (opining that plaintiff's claims against two prosecutors, a Secret Service agent, three court-appointed

attorneys, and a probation officer who prepared his presentence report were barred under Heck); see also Williams v. Weber Cty., 562 Fed. Appx. 621, 624 (10th Cir. 2014) (concluding that a plaintiff's § 1983 claims for ineffective assistance of counsel were barred); Schilling v. White, 58 F.3d 1081, 1087 (6th Cir. 1995) ("Heck makes clear that no cause of action exists [under § 1983] until a conviction is legally eliminated."); Scott v. Rhodes, No. 1:16-CV-392, 2017 WL 361067, at *3 (E.D. Tenn. Jan. 25, 2017) ("Because ineffective assistance of counsel claims indirectly challenge[s] the validity of [a prisoner's] confinement and sentence, the Heck bar prevents a prisoner from pursuing such claims pursuant to 42 U.S.C. § 1983.") (internal quotation marks omitted). However, as Basic's direct appeal of his conviction and sentence is still currently pending before the Eighth Circuit, the court shall hold this matter in abeyance.

### III. CONCLUSION

Basic's Motion to Stay (Doc. No. 4) is **GRANTED**. The court shall suspend its initial screening of Basic's complaint pending the Eighth Circuit's ruling on his appeal in Case No. 1:18-cr-125.

**IT IS SO ORDERED.**

Dated this 11th day of February, 2020.

*/s/ Clare R. Hochhalter*
Clare R. Hochhalter, Magistrate Judge
United States District Court